659 S.E.2d 107

**In the Matter of Adrian Edward COOPER, Respondent.**

**No. 26456.**

Supreme Court of South Carolina.

Submitted Feb. 4, 2008.

Decided March 10, 2008.

4

Lesley M. Coggiola, Disciplinary Counsel and Barbara M. Seymour, Assistant Deputy Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

Adrian Edward Cooper, of Rock Hill, pro se.

**PER CURIAM:**

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent (Agreement) pursuant to Rule 21, RLDE, Rule 413, SCACR. In the Agreement, respondent admits misconduct and consents to any sanction set forth in Rule 7(b), RLDE. Respondent requests that any suspension or disbarment be made retroactive to the date of interim suspension.[1] We accept the Agreement and disbar respondent from the practice of law in this state, retroactive to November 13, 2007. The facts, as set forth in the Agreement, are as follows.

## *Facts*

### *Divorce Matter*

Respondent represented a client (Wife) in a divorce matter filed in 1999. Respondent was directed by the trial judge to draft a proposed qualified domestic relations order (QDRO) regarding the court-ordered share of Wife's draw from the retirement account of her husband (Husband). The order was signed by the judge and opposing counsel and filed in 2000. Respondent furnished a copy of the order to Husband's retirement plan administrator. The administrator notified respondent by letter that the terms of the order allowed payment to Wife only if Husband terminated his employment, but had no provision for his retirement or death. The administrator also asked respondent if the terms of the order were intended to limit Wife's payout. Respondent did not respond to the letter and took no action to correct the order.

---

1. Respondent was placed on interim suspension by order of this Court dated November 13, 2007. *In the Matter of Cooper*, 375 S.C. 486, 654 S.E.2d 269 (2007).

In 2005, respondent received notice that Husband had retired. At that time, respondent amended the QDRO and submitted it to opposing counsel. When respondent did not receive the signed order back from opposing counsel, he forged the signatures of opposing counsel and the judge and filed the order with the clerk of court in April 2006. The forged order was submitted to Husband's retirement plan administrator in May 2006. Husband became aware of the order and contacted counsel. Husband's counsel contacted respondent and submitted a consent order vacating the amended QDRO. The judge issued an order finding the QDRO was a forgery and vacating it. Ultimately, a duly executed amended QDRO was filed and accepted and Wife is now receiving the benefits to which she is entitled.

### *Real Estate Matter*

In November 2006, respondent was paid $250 to conduct a title search and prepare a deed for property a client intended to purchase from a seller residing out-of-state. The client delivered $16,500 to respondent to hold in escrow for the seller until the deed was delivered. The deed was not delivered until June 2007 because of delays not attributable to respondent.

Between November 2006 and June 2007, respondent used portions of the funds to be held in trust for office expenses. By the time the seller delivered the deed in June 2007, respondent had misappropriated the full amount of the funds. Respondent sold property he owned to replenish the funds. He delivered a trust account check to the seller with a request that the seller not negotiate it immediately based on respondent's expectation that the proceeds of his own sale would be available in the trust account to cover the check. The seller negotiated the check upon receipt and it was returned for insufficient funds. The seller contacted respondent, who requested that the seller present the check to the bank a second time. By that time, respondent had replenished the funds in the trust account with his own money and the check to the seller was paid.

### *Failure to Cooperate*

In response to the complaint in this matter, respondent initially denied any wrongdoing. In connection with the investigation into the allegations against respondent, ODC issued a subpoena for respondent's bank and other financial records maintained pursuant to Rule 417, SCACR, for a period of one year preceding delivery of the check written on insufficient funds. Respondent filed a motion to quash the subpoena on grounds it was overbroad and invasive. The Investigative Panel denied the motion and issued its order requiring respondent to comply with the subpoena. Respondent attempted to appeal the order. The Chair of the Commission on Lawyer Conduct issued a letter to respondent explaining that, pursuant to Rule 15(e), RLDE, Rule 413, SCACR, the order was not appealable and that he was required to comply with the subpoena immediately or face contempt charges and possibly interim suspension. Respondent did not comply with the subpoena. This Court then issued its order placing respondent on interim suspension and also issued a rule to show cause. Respondent then produced his records, which show misappropriation of the escrowed funds.

### *Law*

Respondent admits that, by his misconduct, he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (lawyer shall provide competent representation to a client); Rule 1.3 (lawyer shall act with reasonable diligence and promptness in representing a client); Rule 1.15 (lawyer shall hold property of clients in the lawyers possession in connection with a representation separate from the lawyers own property); Rule 3.3 (a lawyer shall not knowingly make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer); Rule 4.1 (in the course of representing a client a lawyer shall not knowingly make a false statement of material fact or law to a third person); Rule 8.1(b) (a lawyer, in connection with a disciplinary matter, shall not knowingly fail to respond to a lawful demand for information from an admissions or disciplinary authority); Rule 8.4(b) (it is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the

lawyers honesty, trustworthiness or fitness as a lawyer in other respects); Rule 8.4(d) (it is professional misconduct for a lawyer to engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and Rule 8.4(e) (it is professional misconduct for a lawyer to engage in conduct that is prejudicial to the administration of justice).

Respondent further admits his misconduct constitutes grounds for discipline under the following provisions of the Rules for Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (it shall be a ground for discipline for lawyer to violate the Rules of Professional Conduct); Rule 7(a)(5) (it shall be a ground for discipline for a lawyer to engage in conduct tending to pollute the administration of justice, bring the courts or legal profession into disrepute, or demonstrating an unfitness to practice law); and Rule 7(a)(6) (it shall be a ground for discipline for a lawyer to violate the oath of office).

### *Conclusion*

We accept the Agreement for Discipline by Consent and disbar respondent from the practice of law in this state retroactive to November 13, 2007. Within fifteen (15) days of the date of this opinion, respondent shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30 of Rule 413, SCACR, and shall also surrender his Certificate of Admission to the Practice of Law to the Clerk of Court.

**DISBARRED.**

TOAL, C.J., MOORE, WALLER, PLEICONES and BEATTY, JJ., concur.